IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cynthia Riggins, ) | C/A No. 0:15-2429-BHH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

     This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Cynthia Riggins, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and the case remanded.

## SOCIAL SECURITY DISABILITY GENERALLY

     Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); <u>see also</u>



Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

- (1) whether the claimant is engaged in substantial gainful activity;

- (2) whether the claimant has a "severe" impairment;

- (3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

- (4) whether the claimant can perform her past relevant work; and

- (5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 404.1520(h).



**ADMINISTRATIVE PROCEEDINGS**

In December 2011, Riggins applied for DIB, alleging disability beginning January 21, 2008. Riggins's application was denied initially and upon reconsideration, and she requested a hearing before an ALJ. A hearing was held on October 23, 2013, at which Riggins, who was represented by Robertson H. Wendt, Jr., Esquire, appeared and testified. The ALJ issued a decision on December 13, 2013 finding that Riggins was not disabled. (Tr. 20-28.)

Riggins was born in 1961 and was forty-eight years old on her date last insured. (Tr. 26.) She has a high school education and additional training with the postal service and the United States Army. (Tr. 167.) Riggins has past relevant work experience as a administrative specialist with the U.S. Army and as a secretary and billing clerk at a hospital. (Tr. 168.) Riggins alleged disability due to manic depression, bipolar disorder, diabetes, high blood pressure, high cholesterol, arthritis in both hands, and schizophrenia. (Tr. 166.)

In applying the five-step sequential process, the ALJ found that Riggins had not engaged in substantial gainful activity from January 21, 2008—her alleged onset date—through her date last insured of December 31, 2009. The ALJ also determined that Riggins's depression was a severe impairments. However, the ALJ found that Riggins did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Riggins retained the residual functional capacity to

> perform a full range of work at all exertional levels but would be limited to work involving understanding, remembering and carrying out simple instructions with no regular public contact.



(Tr. 23.) The ALJ found that Riggins was unable to perform any past relevant work but that, through the date last insured, considering Riggins's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Riggins could have performed. Therefore, the ALJ found that Riggins was not disabled from January 21, 2008—her alleged onset date—through her date last insured of December 31, 2009.

Riggins submitted additional evidence to the Appeals Council, which denied her request for review on May 15, 2015, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



**ISSUES**

Riggins raises the following issues for this judicial review:

I. The Appeals Council erred in failing to meaningfully consider the highly significant testimony from Dr. Hecker and remand this case for proper evaluation by the ALJ.

II. The ALJ committed reversible error in assessing Ms. Riggins's mental RFC, including by only partially evaluating and not properly rejecting the opinions of Dr. Levy, her treating psychiatrist.

III. The ALJ's evaluation of Ms. Riggins's subjective complaints and credibility is deeply flawed and cannot be sustained.

IV. The ALJ erroneously relied solely on the Grids, without even obtaining any vocational expert testimony, and failed to carry the commissioner's burden at step five of the sequential evaluation process.

(Pl.'s Br., ECF No. 17.)

**DISCUSSION**

As indicated above, Riggins raises several issues in this appeal; however, the court finds for the reasons discussed below that remand is warranted on one of the arguments included in Issue II, which could impact the remainder of Riggins's issues, and therefore, the court addresses this issue first. On this point, Riggins argues that the ALJ erred in failing to properly evaluate the disability rating of the Department of Veterans Affairs, citing Bird v. Astrue, 699 F.3d 337 (4th Cir. 2012).

Pertinent here, in Bird, the United States Court of Appeals for the Fourth Circuit addressed for the first time the weight that the Social Security Administration must afford to a Department of Veterans Affairs ("VA") disability rating. Specifically, the Bird Court held that

> in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give



> less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

Bird, 699 F.3d at 343.

Here, the ALJ stated that he

> also considered the claimant's award of benefits from the Department of Veterans Affairs due to a finding that she is disabled (Exhibit B14E). Determinations of disability made by other agencies are not binding on the Social Security Administration or determinative of disability under Social Security Law (20 CFR 404.1504 and 416.904). A determination of disability must be based on Social Security Law and Regulations and not on findings of another agency. However, pursuant to Social Security Ruling 06-03p, I have considered the fact that the claimant is currently receiving Department of Veterans Affairs benefits due to her medical condition. I find that the receipt of such benefits provides some insight into the severity of the claimant's impairments and how they affect her ability to function. However, I give this assessment little weight as there is no specific explanation offered in the Notices of Award as to the basis for finding disability, nor do the clinical findings documented in the medical evidence support such a conclusion.

(Tr. 26.) The decision at issue indicates that on February 25, 2008, the VA found that Riggins's evaluation of schizoaffective disorder (formerly bipolar disorder), which was previously seventy percent disabling, was increased to one hundred percent disabling effective January 21, 2008. (Tr. 217.) The decision then lists the evidence that was considered in support of this decision, which in this case consisted of treatment records from the VA Medical Center in Charleston, South Carolina dated January 2008. The decision continues, discussing the reasons for the decision, which included in pertinent part, the following:

> The treatment reports from VAMC, Charleston, SC, showed that you were admitted to the hospital on January 21, 2008, for paranoia. You stated you had a transmitter in your ear. You also had ideas of reference, believing any gesture by anyone on television was referring to you. You had passive suicidal ideations and a plan to cut your wrists prior to admission. You had poor concentration and poor sleep. You denied any symptoms of mania, racing thoughts or euphoria. You were admitted for crisis stabilization and medication titration and were able to contract for your safety. Your medications were finally stabilized. Your diagnosis of bipolar disorder was

PJG

> changed to schizoaffective disorder due to your long-term paranoia. Haloperidol was started for your paranoid thoughts. At that time of discharge, you had only minor paranoia and reported only fleeting thoughts of a transmitter in your ear.
>
> Because you have paranoid thoughts that continue on medication and have had suicidal ideations with a plan, an increased evaluation of 100 percent is assigned from January 21, 2008. An evaluation of 100 percent is assigned whenever there is evidence of total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name.
>
> The effective date, January 21, 2008, is the date you were admitted to the hospital and the evidence shows that an increased evaluation was warranted. . . .
>
> Because your metal disorder is 100 percent disabling, your entitlement to individual unemployability will be discontinued as it is moot at this point.

(Tr. 218.)

Riggins argues that the ALJ gave little weight to the VA's decision without properly explaining how the record clearly demonstrates giving less than substantial weight to the decision is appropriate. Upon careful review of the record and the parties' briefs, the court is constrained to recommend that this matter be remanded for further consideration of the VA disability determination. The court is unable to determine based on the limited reasons and discussion offered by the ALJ whether the ALJ's finding that the VA determination was entitled to little weight is supported by substantial evidence.

Although in this case, unlike Bird, the ALJ specifically found "I give this assessment little weight as there is no specific explanation offered in the Notices of Award as to the basis for finding disability, nor do the clinical findings documented in the medical evidence support such a conclusion" (Tr. 26), Riggins persuasively challenges the support for these findings. The above



quoted language from the VA's decision appears to contradict the ALJ's statement that there is no specific explanation as to the basis of the disability finding.  Moreover, Riggins argues and the court is constrained to agree, that the ALJ's general statement that "the clinical findings documented in the medical evidence [do not] support such a conclusion" is insufficient to clearly demonstrate that the determination is not entitled to substantial weight, and without further analysis by the ALJ, the court is simply unable to determine whether the ALJ's conclusions are supported by substantial evidence.[2]  See Bird, 699 F.3d at 343.

Here, the ALJ gave only two reasons beyond what the Bird Court found insufficient for failing to give a VA determination substantial weight.  Based on the record, the court cannot say that either of those reasons is supported by substantial evidence.  Accordingly, remand is warranted.

The court finds that consideration of the VA disability rating may render the remainder of Riggins's issues moot on remand.  Thus, the court need not address these remaining issues.  See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

Finally, although Riggins requests that this matter be remanded for an award of benefits, the court finds that Riggins's entitlement to benefits is not wholly established and that this matter should be remanded for further consideration and assessment of the above discussed evidence by the ALJ in the first instance.  See Crider v. Harris, 624 F.2d 15 (4th Cir. 1980) (finding remand for an award

---

[2] The Commissioner offers various reasons and citations to medical records that she argues would support discounting this decision.  However, the court finds that in this instance and based on the divergent positions by the parties as to what these records actually reveal about Riggins's condition during the relevant time period, this argument should be addressed in the first instance by the ALJ on remand.  Moreover, the court expresses no opinion as to whether further consideration of the VA determination by the ALJ will necessarily lead to a finding that it is entitled to substantial weight.  Further analysis and discussion may well not change the ALJ's conclusion on this point.



of benefits was warranted where the individual's entitlement to benefits was "wholly established" on the state of the record); Smith v. Astrue, No. 3:10-66-HMH-JRM, 2011 WL 846833, at *3 (D.S.C. Mar. 7, 2011) ("Whether to reverse and remand for an award of benefits or remand for a new hearing rests within the sound discretion of the district court.") (citing Edwards v. Bowen, 672 F. Supp. 230, 237 (E.D.N.C. 1987)); cf. Radford v. Colvin, 734 F.3d 288, 294-95 (4th Cir. 2013) ("Although we hold that the district court did not apply the wrong legal standard, we nonetheless vacate its judgment because it chose the wrong remedy: Rather than 'reversing' the ALJ and remanding with instructions to award benefits to Radford, the district court should have vacated and remanded with instructions for the ALJ to clarify why Radford did not satisfy Listing 1.04A.").

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

July 25, 2016  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).